LILLIAN E. HAYES, Appellant, *v.* NEW YORK LIFE INSURANCE COMPANY, Respondent.

Insurance (life) — right to have policy reinstated after default in payment of premium — acts which operate as a waiver of that right.

Plaintiff is the beneficiary under a policy of life insurance which contained a provision that in the event of non-payment of premium when due the policy might be reinstated upon certain conditions within six months thereafter. A note which contained a provision in effect that, except as to surrender value, the policy would be forfeited if the note was not paid at maturity, was given in payment of part of a quarterly premium. The note not having been paid when due defendant refused to reinstate the policy on application made therefor, returning the amount deposited by the insured for that purpose, and subsequently canceled the policy, mailing a check to the insured for its surrender value, less a loan which it had made to the insured, the non-payment of which also authorized the cancellation of the policy. The insured and the beneficiary indorsed the check, which was payable to them jointly, and it was retained by them until after the death of the insured, although not presented for payment. *Held,* that these acts operated as a waiver by the insured of any rights secured to him by the terms of the policy for extended insurance thereunder.

*Hayes* v. *N. Y. Life Ins. Co.*, 150 App. Div. 927, affirmed.

(Argued February 10, 1914; decided April 14, 1914.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 22, 1912, affirming a judgment in favor of

defendant entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Louis Marshall* and *Abraham Benedict* for appellant. The defendant was not justified in canceling the policy by reason of any provision in the policy loan agreement. (2 May on Ins. [3d ed.] § 345e; Richards on Ins. Law [3d ed.], 497; *Shaw* v. *R. Life Ins. Co.*, 67 Barb. 586; 69 N. Y. 286; *Stewart* v. *U. M. Life Ins. Co.*, 155 N. Y. 257; *M. M. L. Ins. Co.* v. *Boves*, 51 N. W. Rep. 962; *Thum* v. *Wolstenholme*, 21 Utah, 446; *Arnold* v. *E. M. A. & L. Ins. Co.*, 3 Ga. App. 685; *Stepp* v. *Nat. Life & M. Assn.*, 37 S. C. 417; *Taylor* v. *N. Y. L. Ins. Co.*, 197 N. Y. 324; *Cohn* v. *Husson*, 113 N. Y. 662; *Sherman* v. *Parish*, 53 N. Y. 483.) The defendant occupied toward the insured a fiduciary relation of such a character as to preclude it from canceling the policy and forfeiting the plaintiff's right to extended insurance thereunder. (*Toplitz* v. *Bauer*, 161 N. Y. 325; *Bailey* v. *Am. Deposit Co.*, 52 App. Div. 402; 165 N. Y. 672; *Field* v. *Sibley*, 74 App. Div. 81; 174 N. Y. 514; *Wheeler* v. *Newbould*, 16 N. Y. 392; *Munson* v. *S., G. & C. R. R. Co.*, 103 N. Y. 58; *Thomas* v. *B. R. R. Co.*, 109 U. S. 522; *Risley* v. *I., B. & W. R. R. Co.*, 62 N. Y. 240; *Barr* v. *N. Y., L. E. & W. R. R. Co.*, 125 N. Y. 263; *Hecksher* v. *Edenborn*, 203 N. Y. 210; *Bain* v. *Sadler*, L. R. [12 Eq.] 570; *Poe* v. *Snowden*, 70 Md. 383.) The defendant was not entitled to cancel the policy for non-payment of the note of April 16, 1903, because, by the payment of five annual premiums, Hayes and the plaintiff had become entitled by the terms of the policy to extended insurance for a period which had not expired at the time of the life insured's death. (*Perry* v. *B. L. Ins. Co.*, 47 App. Div. 567; 167 N. Y. 607; *Hoffman* v. *Æ. F. Ins. Co.*, 32 N. Y. 404; *Reynolds* v. *C. F. Ins. Co.*, 47 N. Y. 597; *Allen* v. *St.*

*Louis F. Ins. Co.,* 85 N. Y. 473; *Strauss* v. *U. C. L. Ins. Co.,* 170 N. Y. 349; *Kelsey* v. *U. C. L. Ins. Co.,* 196 Fed. Rep. 195; *Russell* v. *Allerton,* 108 N. Y., 288; *Smith* v. *Robson,* 148 N. Y. 252; *Gillet* v. *Bank of America,* 160 N. Y. 549; *Industrial & General Trust* v. *Tod,* 180 N. Y. 215; *Schweinburg* v. *Altman,* 145 App. Div. 377.) At the date of the forfeiture claimed by the defendant there was a reserve, which, after the deduction of the loan, was sufficient, taken as a single premium, to carry the policy beyond the date of the death of the insured. (*Taylor* v. *N. Y. L. Ins. Co.,* 209 N. Y. 29.)

*James H. McIntosh* for respondent. The meaning of this note agreement is not doubtful; its terms are reasonable; there is nothing in it the parties were not competent to agree to, and it is a fair agreement that the parties themselves duly made for the purpose of helping the insured by extending his time for paying the April sixteenth premium. (*Holly* v. *Met. L. Ins. Co.,* 105 N. Y. 437; *Nat. L. Assn.* v. *Brown,* 103 Ga. 382; *Sharpe* v. *N. Y. Life Ins. Co.,* 98 N. W. Rep. 66; *N. Y. L. Ins. Co.* v. *Meinkin,* 80 S. W. Rep. 174; *N. Y. Life Ins. Co.* v. *Banks,* 75 S. W. Rep. 234; *M. L. Ins. Co.* v. *Pentecost,* 49 S. W. Rep. 245; *Behling* v. *Ins. Co.,* 78 S. W. Rep. 800; *Ressler* v. *Ins. Co.,* 78 S. W. Rep. 735; *Rife* v. *Union Central Ins. Co.,* 62 Pac. Rep. 48; *Forbes* v. *Union Central Ins. Co.,* 51 N. E. Rep. 84; *Moreland* v. *Union Central Ins. Co.,* 46 S. W. Rep. 516; *Continental Co.* v. *Dorman,* 125 Ind. 89; *Fowler* v. *Met. Life Ins. Co.,* 116 N. Y. 389; *Sun Mutual Ins. Co.* v. *Dudley,* 45 S. W. Rep. 539.) As insurer and insured the relations between the parties was purely contractual, and not fiduciary. (*Uhlman* v. *N. Y. L. Ins. Co.,* 109 N. Y. 421; *Eq. L. Ins. Co.* v. *Brown,* 213 U. S. 25; *Wingo* v. *First Nat. Bank,* 60 South. Rep. 133.)

HOGAN, J. April 16th, 1898, the defendant issued a policy of insurance in the sum of five thousand dollars

upon the life of Ephraim P. Hayes, payable to the insured or his assigns on April 16th, 1918, or to the insured should he then be living. The annual premium of $268.00 was, on the 3d day of May, 1902, by agreement of the parties made payable in quarterly installments. On the 10th day of May, 1902, Lillian E. Hayes, the plaintiff in this action, was made beneficiary under the policy.

Premiums on the policy were regularly paid down to April 16th, 1903. On that day a quarterly premium of $70.95 being due, the insured paid cash $16.95 and gave a note payable two months thereafter for the balance, $54.00, which note contained a provision that the same was accepted by the company with the understanding that all claims to further insurance and all benefits whatever which full payment in cash of said premium would have secured should become immediately void and be forfeited to the defendant company if the note was not paid at maturity. The note was not paid at maturity on June 16th, 1903, and on the following day payment of the same was refused by the company.

January 31st, 1902, pursuant to the provisions of the policy contract, the insured borrowed of the company $460.00, under a loan agreement then in use by the company as provided for in the policy, wherein the insured promised to pay said sum with interest at the rate of 5 per cent in advance, payable on the 16th day of April annually, and, as collateral security for the repayment of said loan and interest, he pledged and assigned to the company said policy and its accumulations. The loan agreement further provided that in the event of default of payment of the interest or of any premium on the policy, within one month after they shall respectively become due, the company was irrevocably appointed attorney and authorized for that purpose at its option to cancel the policy and its accumulations for the customary cash surrender value then allowed by the company for the surrender of policies of this class, the company being liable

only to the insured for the return of the balance of said cash surrender value after deducting the said loan and accrued interest.

The policy also contained a provision that in the event of non-payment of any premium the policy might be reinstated on written application therefor within six months thereafter, subject to evidence of good health satisfactory to the company and payment of premiums to the date of reinstatement with the payment of interest at the rate of 5 per cent per annum.

On the 17th of June, 1903, the day following the default in the payment of the premium, the insured made application for the reinstatement of the policy, but such application for reinstatement was not approved by the company, and thereafter, and on the 25th day of August, 1903, the defendant returned to the insured the amount that he had deposited at the time when such application for reinstatement was made.

On the 26th day of September, 1903, the defendant exercised the option given by the loan agreement and canceled the policy which then had a cash surrender value, and having deducted the amount due upon the loan contract, the defendant mailed to the insured its check, payable jointly to the insured and beneficiary, for $194.15, being the difference between the cash surrender value and the loan and interest paid in advance on the loan. Accompanying the check was a statement by the company, showing the basis of its computation and referring to the default made in the payment of premium due April 16th, 1903. The check was dated September 26th, 1903, the date of the letter transmitting the same, and thereafter, and on September 29th, 1903, the check was certified by the New York Security and Trust Company, the bank upon which the same was drawn by defendant, and the check bears the indorsement of the insured and the beneficiary. The trial justice found that the insured and beneficiary deposited the check in a bank for collection,

but before the same was presented to the bank on which it was drawn it was withdrawn from deposit and thereafter held without presentment for payment until August 16th, 1904, subsequent to the death of the insured, when an offer was made by the attorneys for the plaintiff to return the check.

The insured died on the 14th day of June, 1904, and this action was subsequently brought by the beneficiary to recover the amount of the policy. The plaintiff alleged that under the terms of the non-forfeiture clause of the policy it was the duty of the defendant to extend the insurance during the term provided for in the table appearing in the policy without request on the part of the insured, and had such extension of insurance been made in accordance with the terms of the policy, the same would have been in full force and effect at the time of the death of the insured, notwithstanding non-payment of the premium.

We must give due weight to the interpretation placed upon the contract by the parties themselves. The premium due on the policy April 16th, extended by the note to June 16th, remained unpaid. Thereupon the insured, on the 17th day of June, 1903, as provided in the policy, made application for reinstatement of the policy and assented in writing to the fact that the policy had been declared forfeited for a non-payment of premiums on June 16th, 1903. Such concession upon his part, in connection with the further fact that in September the company notified the insured of the cancellation of the policy under the terms of the loan agreement for a cash surrender value and forwarded a check for the amount less the amount of the loan, the receipt and retention of the check of the defendant company, which was payable to the insured and beneficiary jointly with notice to them that the policy had been declared forfeited under the terms of the loan agreement, certification of the same by the bank after indorsement by the insured and benefic-

iary, and retention of the check down to a time subsequent to the death of the insured operated as a waiver by the insured of any rights secured to him by the terms of the policy for extended insurance thereunder. For this reason, due consideration having been given to all of the other questions presented on the part of the appellant, the judgment of the Appellate Division should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., HISCOCK, CUDDEBACK and CARDOZO, JJ., concur; CHASE, J., concurs in result; MILLER, J., not sitting.

Judgment affirmed, etc.